**IN THE UNITED STATES DISTRICT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| QUAID MCIVER, | ) | CASE NO: |
| | ) | |
| | ) | JUDGE: |
| | ) | |
|     Plaintiff | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | **Type:  Strict Products Liability;** |
| | ) | **Products Liability; Breach** |
| KW REAL ESTATE/AKRON CO., LLC | ) | **of Implied Warranties;** |
| c/o Statutory Agent | ) | **Negligence; and** |
| The Corporation Trust Company | ) | **Intentional Tort** |
| Corporation Trust Center | ) | |
| 1209 Orange Street | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| ASCENT AUTOMOTIVE | ) | **(Jury Demand Endorsed Hereon** |
| GROUP, LM, LP | ) | |
| c/o Statutory Agent | ) | |
| The Corporation Trust Company | ) | |
| 1209 Orange St. | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
|     and | ) | |
| | ) | |
| GULF STATES FINANCIAL | ) | |
| SERVICES, INC | ) | |
| c/o Statutory Agent | ) | |
| Diane Weber Greene | ) | |
| 1345 Enclave Parkway | ) | |
| Houston, TX 77077 | ) | |
| | ) | |
|     and | ) | |
| | ) | |

| | |
|---|---|
| FRIEDKIN COMPANIES, INC. | ) |
| c/o Statutory Agent | ) |
| Kimberly A. Jacobson | ) |
| 1375 Enclave Parkway | ) |
| Houston, TX 77077 | ) |
| | ) |
| and | ) |
| | ) |
| ATWELL, LLC | ) |
| c/o Statutory Agent | ) |
| Brian R. Wenzel | ) |
| Two Towne Square, Suite 700 | ) |
| Southfield, MI 48076 | ) |
| | ) |
| and | ) |
| | ) |
| REGIONAL GENERAL | ) |
| CONTRACTING, LLC. | ) |
| c/o Statutory Agent | ) |
| Ethan C. Gullickson | ) |
| 16275 Cedar Way | ) |
| Romulus, MI 48174 | ) |
| | ) |
| and | ) |
| | ) |
| AUTO BUTLER, INC. | ) |
| aka BROADWAY EQUIPMENT CO. | ) |
| 4701 Humboldt Avenue, North | ) |
| Minneapolis, MN 55430 | ) |
| | ) |
| and | ) |
| | ) |
| LEXUS, A DIVISION OF TOYOTA | ) |
| MOTOR SALES, U.S.A., INC. | ) |
| c/o Statutory Agent | ) |
| CT Corporation System | ) |
| 818 W. Seventh St. | ) |
| Los Angeles, CA 90017 | ) |
| | ) |
|     Defendants | ) |

Now comes Plaintiff, by and through counsel, and for his claim for relief, states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Quaid McIver at all times relevant hereto was and is a resident of Summit County in the State of Ohio and resides at 1322 Hardesty Boulevard, Akron, OH 44310.

2. Defendant KW Real Estate/Akron Co., LLC ("KW Real Estate"), is a business doing business in the State of Ohio, and is incorporated in the state of Delaware, with its principal place of business located at 1375 Enclave Parkway, Houston, TX 77077.

3. Defendant Ascent Automotive Group, LM, LP ("Ascent") is a business doing business in the State of Ohio, and is incorporated in the state of Delaware with its principal place of business at 1375 Enclave Parkway, Houston, TX 77077.

4. Defendant Gulf States Financial Services, Inc. ("Gulf States") is a business doing business in the State of Ohio, and is incorporated in the state of Delaware with its principal place of business located at 1375 Enclave Parkway, Houston, TX 77077.

5. Defendant Friedkin Companies, Inc. ("Friedkin") is a business doing business in the State of Ohio, and is incorporated in the state of Delaware with its principal place of business located at 1375 Enclave Parkway, Houston, TX 77077.

6. Defendant Atwell, LLC ("Atwell") is a business doing business in the State of Ohio, and is incorporated in the state of Michigan with its principal place of business located at Two Town Square, Suite 700, Southfield, MI 48076.

7. Defendant Regional General Contracting, LLC ("Regional") is a business doing business in the State of Ohio, and is incorporated in the state of Michigan with its principal place of business located at 16275 Cedar Way, Romulus, MI 48174.

8. Defendant Auto Butler, Inc., aka Broadway Equipment Co. ("Broadway") is a business doing business in the State of Ohio, and is incorporated in Minnesota with its principal

place of business located at 4701 Humboldt Ave. North, Minneapolis, MN 55430.

9. Defendant Lexus, a division of Toyota Motor Sales, USA, Inc. ("Lexus") is a business doing business in the State of Ohio, and is incorporated in the state of California with its principal place of business located at 19001 S. Western Ave, Torrance, CA 90501.

10. The subject matter jurisdiction of this Court is based upon complete diversity with the amount in controversy met pursuant to 28 U.S.C. § 1332 (2011).

11. Venue is proper as the subject incident took place within the Northern District of Ohio, and at all times relevant hereto pursuant to 28 U.S.C. § 1391, all Defendants were actively doing business within the State of Ohio.

## STATEMENT OF FACTS

12. Plaintiff realleges and incorporates by reference all of the information contained in prior paragraphs of this Complaint as if fully rewritten herein.

13. On or about July 3, 2010, Plaintiff Quaid McIver, 22 years old, while working in the car wash at the Lexus of Akron Canton Dealership, located at 1000 Interstate Parkway, Akron, OH 44312, was struck and seriously and permanently injured by a run-away vehicle.

14. As a direct and proximate result of the incident, Plaintiff Quaid McIver suffered serious and permanent injuries, has undergone severe pain and suffering, including the amputation of both legs above the knee, has incurred medical expenses and a loss of wages, as well as a vocational loss, and has suffered an impairment in his normal, social, and recreational pursuits, all of which is permanent, and will continue into the future.

15. Upon information and belief, and at all times relevant hereto, Defendant KW Real Estate/Akron Co., LLC ("KW Real Estate"), owned and maintained the car wash, and the dealership premises, including the parking areas and driveways, and was involved in the

construction of said car wash during 2006. KW Real Estate is incorporated in the state of Delaware, with its principal place of business located at 1375 Enclave Parkway, Houston, TX 77077.

16. Upon information and belief, and at all times relevant hereto, Defendant Ascent Automotive Group, LM, LP ("Ascent") owned and participated in the operation of the Lexus of Akron Canton Dealership, and/or Defendant KW Real Estate, and was involved in the design, purchase, construction, and/or installation of the subject car wash, and its location. Ascent is incorporated in the state of Delaware with its principal place of business at 1375 Enclave Parkway, Houston, TX 77077.

17. Upon information and belief, and at all times relevant hereto, Defendant Gulf States Financial Services, Inc. ("Gulf States") was involved in the operation of Defendant Ascent and Defendant KW Real Estate, and provided information, specifications, and/or was otherwise involved in the design, purchase, construction, and/or installation of the subject car wash, and its location. Gulf States is incorporated in the state of Delaware with its principal place of business located at 1375 Enclave Parkway, Houston, TX 77077.

18. Upon information and belief, and at all times relevant hereto, Defendant Friedkin Companies, Inc. ("Friedkin"), a subsidiary of Gulf States, was involved in the design, purchase, construction, and/or installation of the subject car wash, and its location. Friedkin is incorporated in the state of Delaware with its principal place of business located at 1375 Enclave Parkway, Houston, TX 77077.

19. Upon information and belief, and at all times relevant hereto, Defendant Atwell, LLC ("Atwell") surveyed and/or provided grading and survey data regarding the plot located at 1000 Independence Parkway, Akron, OH 44312, which was used in the design, construction,

5

and/or installation of the car wash, which is the site of the incident. Atwell is incorporated in the state of Michigan with its principal place of business located at Two Town Square, Suite 700, Southfield, MI 48076.

20.     Upon information and belief, and at all times relevant hereto, Defendant Regional General Contracting, LLC ("Regional"), on or about May-October, 2007, constructed the car wash and additions, and installed or was involved in the installation of the subject car wash to the Lexus of Akron Canton dealership, including the area that contained the subject car wash equipment, and which is the site of the incident. Regional is incorporated in the state of Michigan with its principal place of business located at 16275 Cedar Way, Romulus, MI 48174.

21.     Upon reason and belief, and at all times relevant hereto, Defendant Auto Butler, Inc., aka Broadway Equipment Co. ("Broadway") installed, designed, manufactured, and/or maintained, and/or was involved in the installation, design, manufacture, and/or maintenance of the subject car wash and equipment wherein this incident took pace.  Broadway is incorporated in Minnesota with its principal place of business located at 4701 Humboldt Ave. North, Minneapolis, MN 55430.

22.     Upon reason and belief, and at all times relevant hereto, Defendant Lexus, a division of Toyota Motor Sales, USA, Inc. ("Lexus"), designed, manufactured, and sold the subject 2009 Lexus GX470 sports utility vehicle ("GX470" or "SUV") (VIN# JTJBT20X290173599) involved in the incident. Lexus is incorporated in the state of California with its principal place of business located at 19001 S. Western Ave, Torrance, CA 90501.

**FIRST CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY AND NEGLIGENCE – BROADWAY**

23.     Plaintiff realleges and incorporates by reference all information contained in prior

paragraphs of this complaint as if fully rewritten herein.

24. At all times relevant hereto, Defendant Broadway sold and supplied the car wash system which they knew or should have known was a product that, if not properly designed and/or manufactured, and/or was improperly marketed and/or training and warning were not sufficient or otherwise given, by its nature was likely to result in serious injury when used as intended.

25. The car wash product was defective by virtue of manufacturing defect in violation of ORC 2307.74 because the car wash, as manufactured, failed to conform to design standards established by the manufacturer.

26. The car wash product was defective by virtue of design defect in violation of ORC 2307.75 because the foreseeable risks of the product's design outweighed the benefits associated with that design. To wit, the significant risks of the product as designed with inadequate safety measures were likely to cause serious harm to users.

27. At all relevant times, the car wash product was defective because Defendant Broadway failed to provide warning or instruction at the time of marketing and/or post-marketing that, exercising reasonable care, they should have provided in light of the likelihood that serious injuries such as Plaintiff's would result, in violation of ORC 2307.76.

28. The car wash system was unreasonably dangerous because the car wash product's design lacked sufficient safety measures, warnings, instructions, adequate supervision, training, construction, and advice.

29. Further, Broadway owed a duty of reasonable care in the installation of said car wash. Broadway breached this duty by installing, allowing to be installed, or otherwise participating in the installation of said car wash without the inclusion of adequate safety

measures which created an unsafe condition that was likely to result in injuries of the type experienced by Plaintiff.

30. As a proximate cause of said acts, Plaintiff suffered the injuries and damages herein.

## SECOND CAUSE OF ACTION

## PRODUCTS LIABILITY – LEXUS

31. Plaintiff realleges and incorporates by reference all information contained in prior paragraphs of this complaint as if fully rewritten herein.

32. At all relevant times, Defendant Lexus designed, manufactured, marketed and sold the vehicle in question.

33. The vehicle was defective by virtue of a design defect in violation of ORC 2307.75. As designed, the Lexus GX 470 vehicle was unreasonably unsafe and posed a likely and foreseeable risk of harm.

34. Additionally or alternatively, the product was defective by virtue of a manufacturing defect in violation of ORC 2307.74 because the vehicle, as manufactured, failed to conform to the design standards established by the manufacturer.

35. Furthermore, the vehicle was also defective as a result of the manufacturer's failure to provide adequate warnings. The manufacturer Defendant knew or should have known of the risks associated with the product, and in light of the seriousness and likelihood of the type of harm suffered by the Plaintiff should have provided post-marketing warnings or instructions in violation of ORC 2307.76.

36. As a proximate cause of said acts, Plaintiff suffered the injuries and damages herein.

8

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTIES – LEXUS

37. Plaintiff realleges and incorporates by reference all information contained in prior paragraphs of this complaint as if fully rewritten herein.

38. Defendant Lexus implicitly warranted that the vehicle was merchantable, and as such that the vehicle was fit for the ordinary purpose for which it was to be used.

39. Defendants breached this implied warranty because the vehicle was not fit for its ordinary purpose by virtue of latent defect(s) that were unreasonably dangerous to foreseeable victims.

40. As a proximate cause of said acts, Plaintiff suffered the injuries and damages herein.

## FOURTH CAUSE OF ACTION

## NEGLIGENCE – ATWELL/REGIONAL/BROADWAY

41. Plaintiff realleges and incorporates by reference all information contained in prior paragraphs of this complaint as if fully rewritten herein.

42. Defendants Atwell, Regional, and Broadway owed Plaintiff a duty of reasonable care in the survey, design, construction, and installation of the car wash, its building, and surrounding access areas.

43. Defendant Atwell breached their duty by acts and omissions including but not limited to performing their survey and grading specifications incorrectly and/or by negligently providing incorrect or inaccurate survey data, upon which the construction and its designs depended.

44. Defendants Regional and Broadway breached their duty by acts and omissions

including but not limited to; failing to supervise, build, and install adequate safety measures, and by failing to supervise, design, build, and install an adequate stop area after the exit of the car wash, and/or any stop features close to the exit of the car wash, between the car wash exit and building areas, and access doors and customer areas, contrary to industry standards.

45. As a proximate cause of said acts, Plaintiff suffered the injuries and damages herein.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE – KW REAL ESTATE/ASCENT/FRIEDKIN/GULF STATES

46. Plaintiff realleges and incorporates by reference all information contained in prior paragraphs of this complaint as if fully rewritten herein.

47. At all relevant times, by virtue of their ownership, control, maintenance, management and/or possession over the premises where the accident occurred, Defendants KW Real Estate, and/or Ascent, and/or Gulf States, and/or Friedkin owed Plaintiff a duty of care to maintain the premises in a reasonably safe manner.  This duty was owed to all foreseeable users of Defendant's premises, including workers such as Plaintiff.

48. Defendants' duty of care included, but was not limited to, ensuring the proper design, installation, operation and maintenance of the premises, including but not limited to the car wash and areas surrounding the car wash.

49. Defendants breached their duty of care to Plaintiff by failing to maintain a reasonably safe premises because they created, maintained, and/or permitted to exist or failed to cure a hazardous condition on their property, including but not limited to the car wash and its features, including but not limited to the slope and length of the exit area, and the absence of any wheel stop mechanism or blocking feature at the exit of the car wash.  This defect was also

contrary to industry standards.

50. As a proximate cause of said acts, Plaintiff suffered the injuries and damages herein.

## SIXTH CAUSE OF ACTION

## INTENTIONAL TORT

51. Plaintiff realleges and incorporates by reference all the information contained in prior paragraphs of this complaint as if fully rewritten herein.

52. At times relevant hereto, some or all Defendants failed, intentionally and/or by gross negligence, to install or alternatively removed specific safety devices at, and related to, the car wash operation.

53. As a proximate cause of said acts, Plaintiff suffered the injuries and damages herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants, on all Counts, individually and collectively, jointly and severally, for compensatory damages in an amount not less than Ten Million Dollars ($10,000,000.00) for the strict products liability, products liability, breach of implied warranties, negligence and intentional tort; and for punitive damages in an amount not less than Five Million Dollars ($5,000,000.00) along with interest, costs of this action, attorney fees, and any further relief this Court deems just and proper.

Respectfully Submitted,

/s/ Stanley P. Aronson
Stanley P. Aronson (0024836)
Aronson & Associates
3085 W. Market St., Ste. 130
Akron, OH 44333
Telephone: (330) 836-5500
Attorney for Plaintiff